■ The People of the State of New York, Respondent, v Enrique Oliva, Appellant.—Judgment of the Supreme Court, New York County (Edwin Torres, J.), rendered on July 12, 1989, which convicted defendant, after a jury trial, of robbery in the second degree and sentenced him, as a predicate felon, to an indeterminate prison term of 7½ to 15 years, is unanimously affirmed.

Duk Chun Cho was on his way home from work when he was robbed by defendant and several accomplices at the entrance of a subway station. The accomplices fled but Cho managed to struggle with defendant and hold him until the police arrived. After speaking to each man separately, the officers arrested defendant.

Defendant asserts that the court imposed the maximum sentence because of bias against Cubans. Defendant's contention is without support in the record, which demonstrates that the trial court relied exclusively upon appropriate sentencing considerations. The term imposed was clearly justified.

Defendant raises several claims regarding the prosecutor's summation. These issues are unpreserved as a matter of law. If we were to consider them in the interest of justice, we would nonetheless affirm, although we note that the prosecutor's remarks in summation exceeded the bounds of pro-

priety. Concur—Murphy, P. J., Carro, Asch, Ellerin and Smith, JJ.